UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

JOSE MARCANO,                                          :
                                                       :
                              Plaintiff,               :          15CV3894(KPF)
                                                       :
              - against -                              :       AMENDED COMPLAINT AND
                                                       :        DEMAND FOR JURY TRIAL
THE CITY OF NEW YORK, GENE RYERSON,      :
and ANGEL VAZQUEZ, in Their Individual    :                        ECF CASE
Capacities and in Their Official Capacities,           :
                                                       :
                              Defendants               :

-------------------------------------------------------------x

Plaintiff, by his attorney, Eugene M. Bellin, complaining of the defendants, alleges:

## NATURE OF THE ACTION

1. This is a civil rights action to redress the defendants' violation of the rights accorded

to plaintiff Jose Marcano by the Civil Rights Act of 1871, 42 U.S.C. §1983, by the Constitution of

the United States, including the Fourth, Fifth and Fourteenth Amendments, and by the laws of the

State of New York.

2. Plaintiff Jose Marcano is a citizen of the United States who was lawfully present at

the corner of Pugsley Avenue and Westchester Avenue, Bronx, New York on February 1, 2013, and

was giving aid to another individual when he was struck numerous times with a baton by New York

City police officer Gene Ryerson, arrested by defendant Ryerson and New York City police officer

Angel Vazquez on a false criminal charge of Obstructing Governmental Administration in the

Second Degree, transported to the 43rd Precinct, where he was imprisoned, subsequently transported

to Bronx Central Booking, where he continued to be imprisoned until his arraignment on February

2, 2013, and prosecuted on a false criminal charge of Obstructing Governmental Administration in

the Second Degree.  On April 23, 2014, the charge against the plaintiff was dismissed.  The

defendants' actions were unlawful, and the plaintiff brings this action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of the plaintiff's constitutional and civil rights, and 28 U.S.C. §1367(a), in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that the all of the events which give rise to the claim occurred within the jurisdiction of the United States District Court for the Southern District of New York, defendants Gene Ryerson and Angel Vazquez can be found within the Southern District of New York, and defendant The City of New York is a municipal corporation located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

5. Plaintiff Jose Marcano is a citizen of the United States who resides in the County of Bronx, City and State of New York.

6. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

7. At all times relevant herein, defendant The City of New York maintained a police department.

8. Defendant Gene Ryerson is a natural persons who, at all times relevant herein, was employed by defendant The City of New York as a police officers.

9. At all times relevant herein, defendant Gene Ryerson was acting within the scope of his employment by defendant The City of New York.

10. Defendant Angel Vazquez is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

11. At all times relevant herein, defendant Angel Vazquez was acting within the scope of his employment by defendant The City of New York.

## NOTICE OF CLAIM

12. On May 16, 2014, and within ninety days of the accrual of his cause of action herein for malicious prosecution, plaintiff Jose Marcano served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claim for malicious prosecution arose.

13. More than thirty days have elapsed since the plaintiff's Notice of Claim was served upon defendant The City of New York and said defendant has neglected and/or refused to make an adjustment or payment.

## STATEMENT OF CLAIMS

14. Plaintiff incorporates by reference paragraphs 1 through 13 of this complaint as though the same were set forth fully herein.

15. On February 1, 2013, plaintiff Jose Marcano was lawfully present on the sidewalk at the corner of Pugsley Avenue and Westchester Avenue in the County of the Bronx, City and State of New York.

16.  On February 1, 2013, at the corner of Pugsley Avenue and Westchester Avenue in the County of the Bronx, City and State of New York, plaintiff Jose Marcano was providing assistance to an individual who was in physical distress.

17.  At the above time and place, defendant Gene Ryerson struck plaintiff Jose Marcano with a baton several times.

18.  Defendants Gene Ryerson and Angel Vazquez forced plaintiff Jose Marcano to the ground, and handcuffed the plaintiff.

19.  The defendants did not have a warrant or other legal process directing or authorizing the seizure, arrest, detention, or imprisonment of plaintiff Jose Marcano.

20.  The defendants transported plaintiff Jose Marcano to the 43rd Precinct, where he was imprisoned for a period of time.

21.  Plaintiff Jose Marcano was subsequently transported to Bronx Central Booking, where he continued to be imprisoned.

22.  On information and belief, on February 1, 2013, defendant Gene Ryerson falsely informed an assistant district attorney in the office of the Bronx County District Attorney that defendant Ryerson had attempted to render aid to the individual plaintiff Jose Marcano was assisting and that plaintiff Jose Marcano had refused to step away from the individual when instructed to do so.

23.  On February 1, 2013, defendant Gene Ryerson instituted a criminal proceeding against plaintiff Jose Marcano in the Criminal Court of the City of New York, County of Bronx, under docket No. 2013BX006473, accusing the plaintiff of the crime of Obstructing Governmental Administration in the Second Degree.

24.  On February 2, 2013, plaintiff Jose Marcano was arraigned before a judge of the Criminal Court of the City of New York, County of Bronx, and was released on his own recognizance.

25.  On April 23, 2014, the charge brought by defendant Gene Ryerson against plaintiff Jose Marcano was dismissed.

## COUNT ONE
## USE OF EXCESSIVE FORCE UNDER 42 U.S.C. §1983

26.  Plaintiff incorporates by reference paragraphs 1 through 25 of this complaint as though the same were set forth fully herein.

27.  Defendants Gene Ryerson and Angel Vazquez used excessive and unreasonable force against plaintiff Jose Marcano.

28.  The level of force used by defendants Gene Ryerson and Angel Vazquez against plaintiff Jose Marcano was objectively unreasonable.

29.  Defendants Gene Ryerson and Angel Vazquez acted in concert in the use of excessive force against plaintiff Jose Marcano and/or could have intervened to stop the use of excessive force..

30.  The use of excessive force by defendants Gene Ryerson and Angel Vazquez deprived plaintiff Jose Marcano of his right to be secure in his person against unreasonable searches and seizures.

31.  Defendants Gene Ryerson and Angel Vazquez were acting under color of state law when they used excessive force against plaintiff Jose Marcano.

32.  Defendants Gene Ryerson and Angel Vazquez deprived plaintiff Jose Marcano of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth

Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by using excessive force against the plaintiff.

33. As a result of the defendants' use of excessive force, plaintiff Jose Marcano sustained physical injury.

34. As a result of the defendants' use of excessive force, plaintiff Jose Marcano experienced pain, physical and emotional distress, hardship and anxiety.

### COUNT TWO
### FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

35. Plaintiff incorporates by reference paragraphs 1 through 34 of this complaint as though the same were set forth fully herein.

36. The seizure, detention, arrest, and imprisonment of plaintiff Jose Marcano by defendants Gene Ryerson and Angel Vazquez were made without any warrant or other legal process directing or authorizing his seizure, detention, arrest, or imprisonment.

37. The seizure, detention, arrest, and imprisonment of plaintiff Jose Marcano were made without probable cause to believe that he had committed a crime or offense.

38. The charge upon which defendants Gene Ryerson and Angel Vazquez arrested plaintiff Jose Marcano was false.

39. The charge was made by defendants Gene Ryerson and Angel Vazquez against plaintiff Jose Marcano with knowledge that it was false.

40. Plaintiff Jose Marcano was aware of his seizure, detention, arrest and imprisonment by defendants Gene Ryerson and Angel Vazquez.

41. Plaintiff Jose Marcano did not consent to his seizure, detention, arrest or imprisonment.

42. As a result of the foregoing, plaintiff Jose Marcano was deprived of his liberty, was imprisoned, was greatly humiliated, was subjected to mental and physical distress, and was subjected to embarrassment and humiliation.

43. The seizure, detention, arrest and imprisonment of plaintiff Jose Marcano deprived him of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

44. Defendants Gene Ryerson and Angel Vazquez were acting under color of state law when they seized, detained, arrested and imprisoned plaintiff Jose Marcano.

45. Defendants Gene Ryerson and Angel Vazquez deprived plaintiff Jose Marcano of his rights to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, detaining, arresting and imprisoning plaintiff Jose Marcano on a false criminal charge.

## COUNT THREE
## MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

46. Plaintiff incorporates by reference paragraphs 1 through 45 of this Complaint as though the same were set forth fully herein.

47. The charges brought by defendant Gene Ryerson against plaintiff Jose Marcano in the Criminal Court of the City of New York, County of Bronx, were false.

48. Defendant Gene Ryerson instituted the criminal proceeding against plaintiff Jose Marcano without probable cause to believe that the plaintiff committed the offenses charged.

49. Defendant Gene Ryerson instituted the criminal proceeding against plaintiff Jose Marcano with knowledge that the charge was false.

50. Defendant Gene Ryerson was acting with malice when he commenced the criminal proceeding against plaintiff Jose Marcano.

51. The criminal proceeding instituted by defendant Gene Ryerson against plaintiff Jose Marcano was terminated in plaintiff Jose Marcano's favor.

52. As a result of the criminal proceeding instituted by defendant Gene Ryerson, plaintiff Jose Marcano was greatly humiliated, was subjected to mental and physical distress, was exposed to public ridicule, scorn, humiliation and embarrassment, and incurred legal fees to defend the false criminal charges.

53. Defendant Gene Ryerson was acting under color of state law when he falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that defendant Ryerson had attempted to render aid to the individual plaintiff Jose Marcano was assisting and that plaintiff Jose Marcano had refused to step away from the individual when instructed to do so.

54. Defendant Gene Ryerson was acting under color of state law when he commenced a criminal proceeding against plaintiff Jose Marcano in the Criminal Court of the City of New York, County of Bronx.

55. Defendant Gene Ryerson deprived plaintiff Jose Marcano of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by commencing a criminal proceeding against plaintiff Jose Marcano on a false criminal charge.

## COUNT FOUR
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

56.  Plaintiff incorporates by reference paragraphs 1 through 55 of this Complaint as though the same were set forth fully herein.

57.  The acts complained of were carried out by the individual defendants in their capacities as police officers and employees of defendant The City of New York, with all the actual and/or apparent authority attendant thereto.

58.  The acts complained of were carried out by the individual defendants in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

59.  Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of arresting persons on insufficient evidence in violation of the Fourth and Fifth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

60.  The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York include, but are not limited to, the following:

    (a)  Defendant The City of New York failed properly to train police officers in the standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

    (b)  Defendant The City of New York failed properly to train police officers in the circumstances under which probable cause exists for the warrantless arrest of an individual for the Resisting Arrest and Disorderly Conduct;

    (c)  Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during warrantless arrests for Resisting Arrest and Disorderly Conduct;

(d) Defendant The City of New York failed properly to monitor arrests made by its police officers to determine if its police officers were following proper standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth and Fourteenth Amendments of the Constitution of the United States;

(e) Defendant The City of New York failed to discipline police officers for making warrantless arrests where probable cause for an arrest did not exist.

61. The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

62. The arrest, imprisonment and prosecution of plaintiff Jose Marcano on a false criminal charge resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests.

63. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

64. Defendant The City of New York deprived plaintiff Jose Marcano of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the standards of probable cause for warrantless arrests.

65. The aforesaid conduct of defendant The City of New York violated plaintiff Jose Marcano's rights under 42 U.S.C. §1983 and the Fourth, Fifth and Fourteenth Amendments of the

Constitution of the United States.

## COUNT FIVE
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

66.  Plaintiff incorporates by reference paragraphs 1 through 65 of this Complaint as though the same were set forth fully herein.

67.  Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, lawsuits, claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants Gene Ryerson and Angel Vazquez are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

68.  Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

69.  Upon information and belief, defendant The City of New York failed to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights.

70.  The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

71.  Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Jose Marcano would be violated.

72.  Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Jose Marcano.

73.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

74.  Defendant The City of New York deprived plaintiff Jose Marcano of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not bo be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom  of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

### COUNT SIX
### COMMON LAW MALICIOUS PROSECUTION

75.  Plaintiff incorporates by reference paragraphs 1 through 74 of this Complaint as though the same were set forth fully herein.

76.  Defendants Gene Ryerson and The City of New York maliciously prosecuted plaintiff Jose Marcano on a false charge of Obstructing Governmental Administration in the Second Degree.

77.  As a result of the criminal proceeding instituted by defendants Gene Ryerson and The City of New York, plaintiff Jose Marcano was greatly humiliated, was subjected to mental and

physical distress, was exposed to public ridicule, scorn, humiliation and embarrassment, and incurred legal fees to defend the false criminal charges.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court grant the following relief:

A. Award the plaintiff compensatory damages to be determined by the jury at the time of trial;

B. Award the plaintiff punitive damages to be determined by the jury at the time of trial;

C. Award the plaintiff reasonable attorney's fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D. Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMANDED

The plaintiff requests a jury trial on all questions of fact raised by his Complaint.

Dated: New York, New York
       October 19, 2015

                                        EUGENE M. BELLIN

                                        Eugene M. Bellin (EB-0722)
                                        Attorney for Plaintiffs
                                        233 Broadway - Suite 2201
                                        New York, New York 10279
                                        EMBellin@aol.com
                                        (212) 267-9100